UNITED STATES DISTRCT COURT
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:21CR00655 JAR/JMB |
| CLARENCE WIGFALL, A/K/A "Darius L. Dixon" | ) |
| Defendant. | ) |

# INDICTMENT

The Grand Jury charges that:

A. **Introduction**

At all times material to this Indictment, unless otherwise specified below:

1. Commerce Bank was a financial institution within the meaning of Title 18, United States Code, Section 20, because it was a financial institution insured by the Federal Deposit Insurance Corporation.

2. As a financial institution, Commerce Bank operated branch locations and automated teller machines ("ATMs") in the Eastern District of Missouri and the Southern District of Illinois.

3. Commerce Bank allowed its checking account holders to deposit checks into their checking accounts via Commerce Bank ATMs. To deposit a check via a Commerce Bank ATM, Commerce Bank required the submission of the account holder's debit card and the personal identification number ("PIN") corresponding to the account. When a Commerce Bank checking

account holder deposited a check into their account by using a Commerce Bank ATM, those funds were not available to the account holder until the following business day.

## B. The Scheme to Defraud

4. Beginning by at least on or about March 14, 2018, and continuing through at least on or about September 15, 2021, in the Eastern District of Missouri, and elsewhere, the defendant, **CLARENCE WIGFALL, A/K/A "Darius L Dixon,"** with the intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud Commerce Bank, a federally insured financial institution.

5. It was part of the scheme and artifice that the defendant would solicit Commerce Bank checking account holders (including with public posts on Facebook) to provide the defendant with the account holders' banking information in exchange for money. Indeed, in one of his Facebook posts on or about March 26, 2018, the defendant stated, "Commerce bank got a promotional deal you get $2200 . . . I can get you that ASAP . . . I need everybody wit a commerce bank to HML! ASAP! #COMMERCEBANKONLY." In another Facebook post on or about May 18, 2018, the defendant posted, "ATTENTION! Anybody with a 'commerce bank' Can make $1000 tonight at midnight . . ."

6. It was further part of the scheme and artifice that, after the defendant convinced a Commerce Bank account holder to provide him with the account holder's debit card and PIN, the defendant would take that information to a Commerce Bank ATM in the Eastern District of Missouri or the Southern District of Illinois. Upon arriving at the Commerce Bank ATM, the defendant would use the Commerce Bank account holder's debit card and PIN to access the account holder's checking account. After accessing the account, the defendant would knowingly and fraudulently deposit worthless checks (including but not limited to checks written on frozen

accounts, blocked accounts, closed accounts, fictitious accounts, and accounts with insufficient funds). The worthless checks that the defendant deposited into the Commerce Bank account holders' checking accounts sometimes included a forged endorsement signature purporting to be the signature of the Commerce Bank account holder. When depositing the worthless checks into the Commerce Bank account holders' checking accounts, the defendant would regularly cover the ATM camera with a piece of paper.

7. It was further part of the scheme and artifice that, at least one business day after depositing the fraudulent and worthless checks, but before Commerce Bank discovered that the checks were worthless, Defendant or his associates would withdraw or otherwise spend the amount of money reflected in the previously deposited, worthless checks.

8. It was further part of the scheme and artifice that, in total, the defendant knowingly and fraudulently deposited hundreds of worthless checks into the checking accounts of over 50 separate Commerce Bank account holders. The defendant's fraudulent deposits of worthless checks into Commerce Bank account holders' bank accounts allowed the defendant to defraud Commerce Bank out of at least $150,000.

### COUNTS 1–3
### (Bank Fraud: 18 U.S.C. § 1344)

9. The allegations included in Paragraphs 1 through 8 of this Indictment are hereby incorporated by reference as if fully set forth herein.

10. On or about the dates set forth below, in the Eastern District of Missouri, the defendant,

**CLARENCE WIGFALL, A/K/A "Darius L Dixon,"**

knowingly executed and attempted to execute the aforesaid scheme and artifice to defraud Commerce Bank, in that the defendant deposited worthless checks into the checking accounts of

Commerce Bank account holders drawn on closed accounts for the purpose of withdrawing or spending the amount of money reflected in the worthless checks before Commerce Bank discovered and rejected the worthless checks, as further described below:

| Count | Deposit Date | Commerce Bank Account Holder | Fraudulent Check Amount | Fraudulent Check Account Status |
|---|---|---|---|---|
| 1 | 3/15/2018 | A.W. | $395.00 | Account Closed |
| 2 | 9/17/2018 | J.J. | $897.99 | Account Closed |
| 3 | 9/13/2021 | J.R. | $999.90 | Account Closed |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 4
### (Aggravated Identity Theft: 18 U.S.C. § 1028A)

11.  Each of the allegations of Paragraphs 1 through 10 of this Indictment is hereby incorporated by reference as if fully set forth herein.

12.  On or about the date set forth below, in the Eastern District of Missouri, the defendant,

**CLARENCE WIGFALL, A/K/A "Darius L Dixon,"**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name of J.R., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud, in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, in that the defendant deposited a worthless check into the Commerce Bank checking account belonging to J.R. reflecting the forged signature of J.R. on the endorsement line of the check, falsely indicating that J.R. endorsed the check, as further described below:

| Count | Date | Check Number | Means of Identification | Amount |
|---|---|---|---|---|
| 4 | 9/13/2021 | 07629 | The name of J.R. | $999.90 |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

4

## COUNT 5
### (False Statement to a Financial Institution: 18 U.S.C. § 1014)

13. Each of the allegations of Paragraphs 1 through 12 of this Indictment is hereby incorporated by reference as if fully set forth herein.

14. On or about September 13, 2021, within the Eastern District of Missouri, the defendant,

**CLARENCE WIGFALL, A/K/A "Darius L Dixon,"**

did knowingly make a false statement to Commerce Bank, a financial institution insured by the FDIC, for the purpose of influencing the action of Commerce Bank upon an advance and loan, to wit, in an attempt to obtain immediate credit for the deposit of a worthless check into J.R.'s Commerce Bank checking account, the defendant falsely represented that J.R. signed the endorsement line of the check, when—in truth and fact—the defendant knew that J.R. did not sign the endorsement line of the check.

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of offenses in violation of Title 18, United States Code, Section 1344, as set forth in Counts 1–3, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $150,000.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated: _____

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
Derek J. Wiseman, #67257MO
Assistant United States Attorney